**Modified and Affirmed and Opinion Filed June 16, 2022**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-21-00247-CR

**AKEASHYA KARI THOMAS, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 196th District Court**
**Hunt County, Texas**
**Trial Court Cause No. 31768**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Pedersen, III, and Nowell
Opinion by Justice Nowell

Akeashya Kari Thomas pleaded guilty to the offense of injury to a child with intent to cause bodily injury. The trial court deferred a finding of guilt and placed appellant on deferred adjudication community supervision for five years. The State filed a motion to revoke, alleging violations of four conditions of appellant's community supervision. The trial court adjudicated appellant guilty of the offense, revoked appellant's community supervision, sentenced her to ten years in the Texas Department of Criminal Justice, Institutional Division, suspended the sentence, and placed her on community supervision for five years.

On appeal, appellant's attorney filed a brief concluding the appeal is wholly frivolous and without merit. *See Anders v. California*, 386 U.S. 738 (1967). Appellant filed a pro se response that we interpret as arguing ineffective assistance of counsel.

The Court of Criminal Appeals has held that when a court of appeals receives an *Anders* brief and a pro se response, the reviewing court has two choices. *Bledsoe v. State*, 178 S.W.3d 824, 826 (Tex. Crim. App. 2005). After conducting an independent examination of the record, the appellate court "may determine that the appeal is wholly frivolous and issue an opinion explaining that it has reviewed the record and finds no reversible error. Or it may determine that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief the issues." *Id*. at 826-27 (internal citation omitted). The appellate court does not address the merits of each claim raised in an *Anders* brief or in a pro se response when it has determined there are no arguable grounds for review. *Id*. at 827.

We independently reviewed the entire record in this appeal, including the issue raised in appellant's pro se response. We conclude that no reversible error exists in the record, there are no arguable grounds for review, and, therefore, the appeal is wholly frivolous. *See Anders*, 386 U.S. at 744 (reviewing court, and not counsel, determines—after full examination of proceedings—whether appeal is

wholly frivolous); *Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009) (reviewing court must determine whether arguable grounds for appeal exist).

Although not an arguable issue, the trial court's judgment incorrectly states appellant pleaded "not true" to paragraph 2 of the State's motion to adjudicate. The record shows appellant pleaded "true" to paragraph 2 of the motion to adjudicate.

Appellate courts may modify a trial court's judgment and affirm it as modified. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993). This Court "has the power to correct and reform the judgment of the court below to make the record speak the truth when it has the necessary data and information to do so." *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.— Dallas 1991, writ ref'd). Appellate courts may reform trial court judgments where "the evidence necessary to correct the judgment appears in the record." *Id.* Accordingly, we modify the section of the judgment titled "Plea to Motion to Adjudicate" to read "True to Paragraph 2 and Not True to Paragraph 3."

As modified, we affirm the trial court's judgment.


/Erin A. Nowell//
ERIN A. NOWELL
JUSTICE

210247f.u05
Do Not Publish
TEX. R. APP. P. 47.2(b)

–3–



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

AKEASHYA KARI THOMAS,
Appellant

No. 05-21-00247-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 196th District
Court, Hunt County, Texas
Trial Court Cause No. 31768.
Opinion delivered by Justice Nowell.
Justices Partida-Kipness and
Pedersen, III participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

We **MODIFY** the section of the judgment titled "Plea to Motion to Adjudicate" to read "True to Paragraph 2 and Not True to Paragraph 3."

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered this 16th day of June, 2022.